**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| STEVEN NAPOLITANO, | ) | CASE NO. 8:08CV299 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| OMAHA AIRPORT AUTHORITY and | ) | |
| GARY SCHOTT, named in his | ) | |
| individual and official capacities, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Plaintiff Steven Napolitano's Appeal from the Magistrate's Order Compelling Production of Certain Statements (Filing No. 71). Napolitano appeals from the Order the Magistrate Judge filed on May 11, 2009 (Filing No. 68). For the reasons stated below, the Appeal will be denied.

**PROCEDURAL BACKGROUND AND FACTS**

Napolitano brought this action against the Omaha Airport Authority ("OAA"), a political subdivision of the State of Nebraska, and Gary Schott, who at all relevant times was the Chief of the OAA Fire Department. (Complaint, Filing No. 1 at ¶¶ 6-9). Napolitano was employed by the OAA as a fire fighter, assigned to "Shift A" under Captain Phillip Goulette's supervision, until Napolitano's termination on December 7, 2007. ( Filing No. 1 at ¶¶ 10, 13).[1]

In his Complaint, Napolitano asserts that he "spoke out on matters of public concern, including but not limited to Chief Scott's efforts to intimidate employees into

---

[1] For a more detailed summary of the facts in this case, *see* this Court's April 23, 2009, Memorandum and Order granting in part the Defendants' Partial Motion for Summary Judgment (Filing No. 63 at 1-4).

making false statements against a supervisor who is also a Union supporter." (Filing No. 1 at ¶ 31). In response to the Defendants' interrogatories, Napolitano stated that he raised concerns about a lack of proper ventilation from vehicle exhaust system and OAA's failure to remove contaminants from firefighters' gear. (Filing No. 43 at 10-11, ¶¶ 6-12). Napolitano alleged that such deficiencies jeopardized firefighters' health and left them at risk for cancer. (Filing No. 43 at 11, ¶ 10). Napolitano contends that because he actively supported Local 4573 and spoke out on issues related to firefighter safely, the OAA and Schott retaliated against him and terminated his employment. (*See* Filing No. 1).

In support of his claim, Napolitano describes a sequence of events that he suggests illustrates such retaliation. He notes that his supervisor, Goulette, "was required to schedule and conduct the familiarization sessions for fire fighters on Shift 'A.'" (Filing No. 1 at ¶ 15). Napolitano alleges that Goulette completed the required training and filled out the proper forms, and Napolitano signed the forms, attesting to their accuracy. (Filing No. 1 at ¶ 16-17). Schott, however, accused Goulette of falsifying certain information on these forms. (Filing No. 1 at ¶ 19). Napolitano contends that Schott raised these allegations against Goulette one day after Napolitano informed Schott that Local 4573 would be submitting grievances on certain matters, including OAA's alleged "failure to extract fire fighter turnout gear." (Filing No. 43 at 13, ¶ 21). Napolitano contends Schott made the decision to initiate the investigation into Goulette's alleged falsification of the forms and Napolitano's involvement, and Schott conducted the investigation. (Filing No. 43 at 5-6, ¶¶ 6, 8-11). Napolitano states that at least two other Shift A firefighters disagreed with Schott's conclusion that Goulette falsified the forms, but Napolitano was the only firefighter terminated as a result of the investigation. (Filing No. 1 at ¶¶ 27-28).

2

In his Complaint, Napolitano presents claims based on two causes of action pursuant to 42 U.S.C. § 1983.[2]  First, he alleges that the Defendants violated his right of free speech under the First and Fourteenth Amendments to the United States Constitution by taking adverse actions against him, in an effort to silence his speech on matters of public concern. (Filing No. 1 at  ¶¶ 30-36).  Second, he alleges that the Defendants violated his right of public association under the First and Fourteenth Amendments to the United States Constitution by taking adverse actions against him due to his association with Local 4573. (Filing No. 1 at ¶¶ 37-44).

On February 17, 2009, the Defendants filed a Motion for Partial Summary Judgment. (Filing No. 39).  The Court granted the Defendants' Motion in part, dismissing a third claim for relief. (Filing No. 63).

On March 27, 2009, Defendants filed a Motion to Compel the production of certain documents Napolitano had previously refused to produce.[3]  (Filing No. 50.)  Specifically, Defendants requested several documents that contain notes Napolitano made to himself regarding the events that led up to and closely followed his termination.  Defendants' requests for the production of these documents were served on October 29, 2008.  (Filing No. 19.)  In response to Defendants' request, Napolitano asserted that the requested documents are protected by the attorney-client privilege and/or the work-product doctrine.

Napolitano was deposed on December 18, 2008, at which time he testified that he

---

[2] The Plaintiff's Complaint contained a third cause of action pursuant to Neb. Rev. Stat. § 48-824 (Reissue 2004), which the Court dismissed in its April 23, 2009 Memorandum and Order (Filing No. 63).

[3] The seven documents now sought by the Defendants are described on the first page of the Plaintiff's privilege log (Filing No. 52, Attachment No. 5).

made notes on his personal computer about what he recalled of the circumstances of his separation from employment with OAA.  He stated that his attorney advised him to create these documents.  As such, he stated they were "[j]ust documents to refresh [Napolitano's] memory, since this was a year ago, after it had happened. [He] got on the computer at home and started typing things up as [he] remembered them so [he] wouldn't forget them over the previous year." (Deposition of Steven Napolitano ("Napolitano Depo."), Filing No. 52, Attachment No. 2 at 3, 10:05-09.)

On May 11, 2009, Magistrate Judge F.A. Gossett granted the Defendants' Motion to Compel (Filing No. 68), ordering Napolitano to produce the requested documents no later than May 15, 2009.  In applying Fed. R. Ev. 612 to the present case, the Magistrate Judge determined that all three elements of the rule had been met, and accordingly, Napolitano should be compelled to produce the requested documents. (Filing No. 68 at 6.) Pursuant to NECivR 72.2, Napolitano appealed the Magistrate Judge's Order on May 14, 2009 (Filing No. 71).  On May 15, 2009, the Magistrate Judge stayed the execution of the April 11, 2009, Order pending the District Court's ruling on Napolitano's now pending Appeal. (Filing No. 73).

In his Appeal, Napolitano contends that the Magistrate Judge's order was both clearly erroneous and contrary to law because (1) the Defendants did not establish a sufficient basis to compel production pursuant to Fed. R. Ev. 612(2); and (2) the Magistrate Judge's finding that production would be "in the interest of justice" was clearly erroneous. (Filing No. 72 at 1.)

**STANDARD OF REVIEW**

"A district court may reconsider a magistrate judge's ruling on nondispositive pretrial matters where it has been shown that the ruling is clearly erroneous or contrary to law." *Ferguson v. United States*, 484 F.3d 1068, 1077 (8th Cir. 2008) (citing 28 U.S.C. § 636(b)(1)(A)); *see also Peretz v. United States*, 501 U.S. 923, 944 (1991) ("The Federal Magistrates Act provides [for the] standar[d] of judicial review: "clearly erroneous or contrary to law" for magistrate resolution of nondispositive matters.") (citing 28 U.S.C. § 636(b)(1)(A)). "`Clearly erroneous' is a high standard to meet; the challenger must convince the reviewing court that a mistake has been made." *Smith v. BMI, Inc.,* 957 F.2d 462, 463 (7th Cir. 1992).

**DISCUSSION**

1. **Whether Defendants Established a Sufficient Basis for Production under Fed. R. Ev. 612(2)**

In his appeal of the Magistrate's order, Napolitano argues that before the Defendants can establish entitlement to a document pursuant to Fed. R. Ev. 612, they must show that the witness's testimony was "actually influenced" by the review of the requested document.  Napolitano contends that the Defendants have not established that he was "actually influenced" by reviewing the requested documents prior to his deposition, and, as a result, he suggests that the Magistrate Judge's order compelling their production is clearly erroneous and contrary to law.  Instead, the Court finds that the Magistrate Judge's order compelling production of the requested documents is well-supported by the facts in the record and the applicable law.

5

"Although applicable to depositions, Rule 612 is a rule of evidence, and not a rule of discovery. Its sole purpose is evidentiary in function 'to promote the search of credibility and memory.'" *Sporck v. Peil*, 759 F.2d 312, 317 (3rd Cir. 1985) (quoting Fed. R. Ev. 612 advisory committee note). "By its very language, Rule 612 requires that a party meet three conditions before it may obtain documents used by a witness prior to testifying: 1) the witness must use the writing to refresh his memory; 2) the witness must use the writing for the purpose of testifying; and 3) the court must determine that production is necessary in the interests of justice." *Id.*

Napolitano argues that the Defendants have not established the second element, specifically, that these documents were used in preparation for, or "actually influenced," his testimony during his deposition. In consideration of the second element necessary for production pursuant to Rule 612, the *Sporck* Court reasoned that this second requirement "was designed 'to safeguard against using the rule as a pretext for wholesale exploration of an opposing party's files and to insure that access is limited only to those writings which may fairly be said in part to have an impact upon the testimony of the witness.'" *Id.* at 317-318 (quoting Fed. R. Ev. 612 advisory committee note). Thus, the burden is on the party requesting production to show "that the document actually influenced the witness's testimony." *Id.* at 318.

In the present case, the Magistrate Judge's conclusion that the requested documents influenced Napolitano's testimony during his deposition is far from clearly erroneous.[4]   Napolitano himself stated during his deposition that he reviewed the

---

[4] The Magistrate Judge concluded there was "no question that the plaintiff used the documents in question to refresh his memory in preparation for his deposition." (Filing No. 68 at 4).

6

"documents to refresh [his] memory, since [the deposition] was a year . . . after [his termination] had happened." Napolitano Depo. at 10:05-09. Because the record supports the Magistrate Judge's factual finding that Napolitano used these requested documents to refresh his memory before his deposition, the Court concludes that Magistrate Judge's decision to compel their production pursuant to Rule 612 was not contrary to the law. Clearly the Defendant's request pursuant to Rule 612 was not "a pretext for wholesale exploration of an opposing party's files," but instead, was "limited only to those writings which may fairly be said in part to have an impact upon the testimony of the witness." *Sporck*, 759 F.2d at 317-18 (quoting Fed. R. Ev. 612 advisory committee note).

Accordingly, the Court finds that the Magistrate Judge's order compelling production of the requested documents was neither clearly erroneous nor contrary to law.

## 2. Whether the Interests of Justice Support Production of the Documents Pursuant to Fed. R. Ev. 612(2)

Napolitano also suggests that the Magistrate Judge erred when he concluded that compelling production of the requested documents would be in the interests of justice. The record demonstrates that disclosure of the requested documents "is necessary in the interests of justice" in accordance with the necessary elements of Rule 612.

Other Courts have considered circumstances similar to the case at hand and have concluded that the balance of justice weighed in favor of compelling production. *See, e.g., Heron Interact, Inc. v. Guidelines, Inc.*, 244 F.R.D. 75, 77 (D.Mass. 2007) (concluding the interests of justice weighed in favor of production after reasoning that "[t]o decide this question, the court must balance Defendants' need to see the documents . . . with Plaintiff's interest in protecting privileged information which might reveal its counsel's trial

strategy or theory of the case.").  Notably, Napolitano has not given any indication that any of the requested documents contain legal strategy or the mental impressions of his counsel.  Instead, the record demonstrates that these documents contain a detailed personal account of Napolitano's factual recollection of the events that allegedly led to his termination – the central issue of the case.

> Despite the fact that Napolitano contends the requested documents
>
> qualify as work product, they are discoverable " [ . . . ] upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means." F.R.Civ.P. 26(b)(3). When, however, a witness has used such materials to refresh his recollection prior to testifying, F.R.Evid. 612 weights the balance in favor of finding that the "substantial need" exists, because of the policy in favor of effective cross-examination.

*In re Comair Disaster Litigation*, 100 F.R.D. 350, 353 (E.D.Ky. 1983).  Because the record supports the Magistrate Judge's finding that Napolitano used the requested documents to "refresh his recollection prior to testifying" at his deposition, and the Defendants have a "substantial need" to see these documents for "effective cross-examination," the Court affirms the Magistrate Judge's conclusion that the interests of justice weigh in favor of their production.

## CONCLUSION

For the aforementioned reasons, the Court finds that Magistrate Judge's May 11, 2009, Order was neither clearly erroneous nor contrary to law.  Napolitano's Appeal, therefore, is denied.

THEREFORE, IT IS ORDERED:

1.      The Plaintiff Steven Napolitano's Appeal of the Magistrate Judge's Order

        (Filing No. 71) is denied; and

2.      The Order of the Magistrate Judge (Filing No. 68) is affirmed in its entirety.


DATED this 15th day of June, 2009.

                                BY THE COURT:


                                s/Laurie Smith Camp
                                United States District Judge