IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEVEN NAPOLITANO, | ) | CASE NO. 8:08CV299 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| OMAHA AIRPORT AUTHORITY and | ) | |
| GARY SCHOTT, named in his | ) | |
| individual and official capacities, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Plaintiff Steven Napolitano's Motion in Limine to Exclude Testimony of David L. Bennett (Filing No. 99). For the reasons described below, the motion will be denied, without prejudice to reassertion at the time of trial.

The facts of this case are set forth in some detail in the Court's Memorandum and Order on the Defendants' Motion for Summary Judgment (Filing No. 63) and will not be repeated here. For purposes of the pending motion, it is simply noted that Napolitano was employed by the Omaha Airport Authority ("OAA") as a firefighter; he was terminated on December 7, 2007; he alleges that the Defendants brought about his termination in retaliation for the exercise of his constitutional rights of free speech and association; and the Defendants contend that the termination was due to Napolitano's participation in the falsification of certain training records. The Defendants intend to call Bennett[1] as an expert

---

[1] Bennett served as the Director of the Office of Airport Safety and Standards of the Federal Aviation Administration ("FAA") from 1995 to 2008, and was responsible for the FAA's safety regulation of airports, including the agency regulations on airport firefighting and training. (Statement and Opinion of David L. Bennett, Filing No. 99-5, CM/ECF p.2). He intends to testify about the importance of airport firefighter training; the importance of maintaining accurate training records; and the administrative consequences for an airport operator's failure to comply with FAA training and record-keeping requirements. (Defendants' Brief, Filing No. 104, pp. 3-4).

to testify about the importance of certain training, and the importance of maintaining records of such training, to help demonstrate that the Defendants' proffered reason for Napolitano's termination was not a pretext for unconstitutional retaliation.

Napolitano seeks to exclude Bennett's testimony because (1) he is not qualified to testify as an expert with respect to any material issue in this case; (2) his testimony would not help the trier of fact understand any matters beyond mere common sense conclusions; (3) his opinions are not based on facts that are unknown or unavailable to the trier of fact; (4) his opinions are not the product of reliable scientific principles reliably applied; and (5) the probative value of his testimony would be outweighed by the likelihood of prejudice. If the Court denies the motion in limine, Napolitano requests a hearing pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), to determine whether the "methods" employed by Bennett are reliable and can be applied properly to the facts at issue.  (Motion in Limine, Filing No. 99).

Bennett will not be permitted to testify as to the meaning of or applicability of any law or regulation, because any such testimony would invade the province of the Court.  See, *e.g.*, *Federal Aviation Administration v. Landy*, 705 F.2d 624, 632 (2nd Cir. 1983)("[Q]uestions soliciting the former FAA employee's understanding of the meaning and applicability of [FAA regulations] would invade the province of the court to determine the applicable law and to instruct the jury as to that law.").  To the extent that Napolitano contends that the Defendants' rationale for his termination was a mere pretext because airport firefighter training is not important, or the maintenance of accurate records of such training is not important, then Bennett's testimony regarding the importance of such training and record-keeping may have relevance.  If, however, it is Napolitano's position that the

allegations against him were *fabricated* by the Defendants in retaliation for the exercise of his First Amendment rights, or that he was singled out for adverse action in retaliation for the exercise of his First Amendment rights when others who were similarly situated suffered no such adverse action, then Bennett's testimony concerning the importance of such training and record-keeping would lack relevance.  The relevance of Bennett's proffered opinions may become apparent at or after the pretrial conference, scheduled to take place on February 22, 2010.[2]

To the extent that Bennett's opinions may be relevant to any material issue in this case, and to the extent that they are grounded in technical or other specialized knowledge, the Court will exercise its gatekeeping function outside the presence of the jury to help ensure the reliability of any such opinions.  *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999).

IT IS ORDERED:

The Plaintiff Steven Napolitano's Motion in Limine Seeking to Exclude the Testimony of David L. Bennett (Filing No. 99) is denied, without prejudice to reassertion at the time of trial.

DATED this 13th day of November, 2009.

BY THE COURT:

S/Laurie Smith Camp
United States District Judge

---

[2] It is recognized that Napolitano has complied with the Court's Final Progression Order (Filing No. 77) and Order Granting Motion to Extend Deadline (Filing No. 98) by submitting the Motion in Limine at this time.